GRIFFIS, J.,
for the Court.
¶ 1. On June 6, 2007, Fred Smith was convicted of one count of aggravated assault pursuant to Mississippi Code Annotated section 97-3-7(2) (Rev.2006) and four counts of simple assault pursuant to Mississippi Code Annotated section 97-3-7(1) (Rev.2006). Smith was sentenced, on the aggravated assault charge, to fifteen years with eight years to serve and seven years suspended pursuant to his compliance with five years of post-release supervision. On each of the four counts of simple assault, Smith was sentenced to six months. All of the sentences were ordered to run concurrently.[1]
¶ 2. Smith now appeals claiming that his motion for a new trial should have been granted by the circuit court because the verdict was against the overwhelming weight of the evidence. We find no error and affirm.
FACTS
¶ 3. On Thanksgiving Day, November 24, 2005, Smith and his wife, Jacqueline, were at home watching television and cooking. Jacqueline’s daughter, Sheena Tillman, along with Latasha Rials; Latasha’s son, Tyler Rials; Angela Tillman; Sheena’s son, Charcy Tillman; and Jennifer Wilbert, stopped by Smith’s house twice that day. Latasha drove the group to Smith’s home in her Oldsmobile Alero. The first stop was made to pick up something on their way to Thanksgiving dinner at a relative’s house. The altercation between Smith and Sheena occurred during the second stop at Smith’s house.
¶ 4. Sheena asked Jacqueline if she would watch her son, Charcy, while Sheena went out with friends. Smith and Sheena began to argue, and Smith asked Sheena to leave his house. Smith testified that Sheena became combative, broke a window, tried to kick in his door, and refused to leave. At that point, Smith *1009 retrieved a weapon to get the group off his property. Smith claimed that he fired two warning shots into the air. Smith also shot eleven bullets into Latasha’s vehicle.
¶ 5. The four adults, who were riding in the car, all testified that they, along with the minor children, Charcy and Tyler, were occupying Latasha’s Oldsmobile Ale-ro when it was being fired into by Smith. Smith adamantly denied that testimony and claimed that the car was empty of passengers when he fired his weapon. Smith further testified that he did not intend to injure anyone by shooting at the car.
¶ 6. The jury found Smith guilty of aggravated assault against Sheena and guilty of simple assault against Angela, Wilbert, Tyler, and Charcy. The jury did not return a verdict on the assault of Latasha, and a mistrial was declared as to that charge. Smith filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial that was denied by the circuit court.
STANDARD OF REVIEW
¶ 7. This Court will “only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005) (citing Herring v. State, 691 So.2d 948, 957 (Miss. 1997)). To determine if this has occurred, the Court will look at the evidence in the light most favorable to the verdict. Id. If the verdict is against the overwhelming weight of the evidence, “the proper remedy is to grant a new trial.” Id.
ANALYSIS
¶ 8. Smith argues that the circuit court erred in denying his motion for a new trial because the verdict was against the overwhelming weight of the evidence. The State responds that the jury was presented all of the evidence, exhibits, and testimony and chose to believe the evidence produced by the prosecution; thus, the jury’s verdict should stand.
¶ 9. After reviewing the evidence in the light most favorable to the verdict, we do not find that allowing the verdict to stand would constitute an unconscionable injustice. Smith admitted that he was involved in an altercation with Sheena. He also admitted to shooting into Latasha’s vehicle. The only essential fact in dispute was whether the vehicle was occupied when Smith fired the shots.
¶ 10. The State called each of the four adults to testify. Each of them testified that all four adults and the two minor children were in the car when Smith fired his gun into the vehicle. Their testimonies were consistent. The State also offered as evidence a home video made on that day by one of Smith’s neighbors. The State argued that the video showed a person inside the car as the shots were being fired. The State also offered evidence that a neighbor called 9-1-1 and reported that Smith was shooting at people in the car.
¶ 11. The only evidence to contradict the fact that the car was occupied was Smith’s own testimony and the written statement of Smith’s wife, which was taken shortly after the incident. At trial, Smith’s wife changed her version of the events and testified that she was suffering from post-traumatic stress at the time she wrote the statement. Therefore, only Smith’s testimony was left to contradict the State’s evidence.
¶ 12. Upon our review of the evidence, in the light most favorable to the verdict, it is clear that the jury’s verdict was not contrary to the overwhelming weight of the evidence. The circuit judge did not abuse his discretion by denying Smith’s *1010 motion for a new trial. Therefore, we find that this issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF ONE COUNT OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHT YEARS TO SERVE AND SEVEN YEARS SUSPENDED, WITH FIVE YEARS OF POST-RELEASE SUPERVISION, AND FOUR COUNTS OF SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS ON EACH OF THE FOUR COUNTS, WITH ALL SENTENCES TO RUN CONCURRENTLY, AND A $10,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. These sentences also run concurrently with Smith's sentence under count seven of the same indictment, shooting into a motor vehicle, for which Smith was found guilty and sentenced on March 12, 2007. He was sentenced to five years under that count, with three and one-half years to serve in the custody of the Mississippi Department of Corrections and one and one-half years suspended.